UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| TERRY PATRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:07-CV-170 |
| | ) | (GREER/GUYTON) |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's Motion For Judgment [Doc. 11], and the defendant's Motion For Summary Judgment. [Doc. 13]. Plaintiff Terry Patrick seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2006.

2. The claimant has not engaged in substantial gainful activity at any time relevant to this decision.

3. The clamant has the following severe combination of impairments: musculoskeletal problems, diabetes, anxiety and depression.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift objects weighing up to 20 pounds; to sit for six out of an eight-hour day with normal breaks; and to stand and walk for two to four hours out of eight hours, but not continuously more than one hour. The claimant is limited to simple, low-level tasks involving infrequent changes in work duties (no "shift" work).

6. The claimant is unable to perform any past relevant work.

7. The claimant was born on March 8, 1970 and was 32 years old on the alleged disability onset date, which is defined as a younger individual age 18 and 44.

8. The claimant has a limited (seventh grade) education plus training as a certified nursing assistant and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability due to the claimant's age.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

| | 11. | The claimant has not been under a "disability," as defined in the Social Security Act, from August 5, 2002 through the date of this decision. |

(Tr. 18-24).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. See Warner v. Commissioner of Social Security, 375 F.3d 387 (6th Cir. 2004). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir. 1987). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. See Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986).

Plaintiff argues that the ALJ failed to make findings about the plaintiff's obesity and migraine headaches, and that the ALJ further failed to consider the effects of those impairments, as well as the effects of the plaintiff's diabetes, singularly or in combination, on her ability to work. Plaintiff also argues that the ALJ's hypothetical question to the vocational expert ("VE") was error, because it did not incorporate the limitations which she described in her testimony at the hearing. (Tr. 427-456).[1]

The Commissioner argues that the evidence in the medical record about headaches is "very sparse" and does not support a claim of a severe impairment, thereby justifying the ALJ's

---

[1]Plaintiff testified that she could lift no more than five pounds because of back pain; that she could no longer drive, because she had her license revoked for speeding tickets; that she no longer grocery shopped, because she couldn't walk; and that her kids do the housework.

3

decision not to recite it. The commissioner disputes the claim of disabling obesity, and further disputes that any evidence in the medical record supports a finding of impairment caused by diabetes. Finally, the Commissioner asserts that the ALJ's hypothetical to the VE did include all credible limitations, thus, in effect, arguing that the plaintiff exaggerated her impairments and the ALJ rightly disregarded such unsupported testimony.

Plaintiff has the burden of proving her entitlement to benefits. <u>Boyes v. Secretary of Health and Human Services</u>, 46 F.3d 510, 512 (6th Cir. 1994) (citing <u>Halsey v. Richardson</u>, 441 F.2d 1230 (6th Cir. 1971)). I find, however, in the present case that plaintiff has not met that burden.

First, the medical opinions support the ALJ's RFC finding for light[2] work. Samuel Breeding, M.D., examined the plaintiff and found that the plaintiff could lift twenty-five pounds occasionally, sit for six to eight hours, and stand for at least two to four hours in an eight hour workday, with no rotating shifts. (Tr. 299). A state agency, reviewing physician, Saul Julio, M.D., opined that the plaintiff's physical impairments were not severe. (Tr. 300). Another state agency, reviewing physician, Denise Bell, M.D., opined that the plaintiff could perform medium work[3]. (Tr. 283).

Second, the medical record does not reflect any impairments based on headaches, obesity or diabetes. The ALJ correctly noted that the plaintiff's treating physicians did not place any physical restrictions on the plaintiff's ability to lift, stand or walk. (Tr. 22). The plaintiff's diabetes

---

[2]Light work requires lifting and carrying 20 pounds occasionally and 10 pounds frequently. <u>See</u> 20 C.F.R. § 416.967(b).

[3]Medium work requires lifting and carrying no more than 50 pounds at a time with frequent lifting or carrying of objects weighting up to 25 pounds. <u>See</u> C.F.R. § 404.1567(c).

was controlled and treated with medication. The Commissioner rightly asserts that a condition controlled by medication is not disabling. Hardaway v. Secretary of Health and Human Services, 823 F.2d 922, 927 (6th Cir. 1987).

Third, the ALJ, contrary to plaintiff's argument, did consider all of the plaintiff's impairments in combination. (Tr. 16-17). The ALJ specifically explained that the plaintiff did not have "an impairment or combination of impairments" that would meet or equal a listed impairment. (Tr. 19). Accordingly, I find that the ALJ weighted the medical source opinions, the objective medical findings, and all of the plaintiff's impairments, and the plaintiff's credibility, to determine that she could perform a range of light work.

Fourth, the plaintiff argues that the ALJ's hypothetical to the VE was error, because it did not include limitations based on obesity, migraine headaches and diabetes. The Court, however, agrees with the Commissioner that the ALJ properly found no limitations based on obesity, migraine headaches or diabetes, and thus, the hypothetical did not need to include them. The ALJ is required to incorporate only those limitations accepted as credible by the finder of fact. Casey v. Secretary of Health and Human Services, 987 F.2d 1230, 1235 (6th Cir. 1993). And see, Varley v. Secretary of Health and Human Services. 820 F.2d 777, 780 (6th Cir. 1987) (hypothetical question that an ALJ poses to a VE must only include those limitations that are supported by the record).

As an aside, the Court notes that plaintiff's counsel posed his own questions to the VE at the hearing, which did include impairments, as testified to by the plaintiff, related to migraine headaches and diabetes. (Tr. 454). The ALJ had the benefit of the VE's testimony in that regard.

Accordingly, it is hereby **RECOMMENDED**[4] that the plaintiff's motion for judgment [Doc. 11] be **DENIED** and that the Commissioner's motion for summary judgment [Doc. 13] be **GRANTED**.

Respectfully submitted,

    s/H. Bruce Guyton
United States Magistrate Judge

---

[4]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).